The State of Ohio appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division ("the juvenile court"), which granted temporary custody of Breonna Carter, Glenn Phillips, Mikala Cartwright, and Lamykal Cartwright to Dorothy Phillips.
The facts and procedural history are as follows.
On February 26, 1996, Montgomery County Children Services ("the agency") filed a complaint in the juvenile court seeking an adjudication that Breonna, a five-day old infant, was a neglected child and a motion requesting the interim temporary custody of Breonna pending a hearing on the complaint. The complaint stated that, at the time of Breonna's birth, she had tested positive for cocaine and her mother, Deona Carter, had tested positive for cocaine and marijuana. The trial court granted the agency's motion for interim temporary custody and appointed a guardian ad litem to protect Breonna's interests. On February 29, 1996, a magistrate placed Breonna in shelter care and in the temporary custody of the agency. On March 7, 1996, Breonna's mother filed a motion seeking a hearing to review the interim temporary custody order. She requested that interim temporary custody be placed in herself or in Breonna's maternal great-aunt Carol Clark. On March 20, 1996, the magistrate appointed Carter as interim temporary custodian of Breonna and granted interim protective supervision to the agency. On April 10, 1996, following an adjudicatory hearing and a dispositional hearing, the magistrate issued an order, which the trial court adopted, finding Breonna to be a neglected child and granting legal custody to Breonna's mother and protective supervision to the board until April 2, 1997.
On March 5, 1997, the agency filed a motion in the juvenile court seeking to have Breonna placed in the legal custody of Phillips, Breonna's alleged paternal grandmother. An agency caseworker's affidavit, which was attached to the motion, explained that Breonna, Glenn, Mikala, and Lamykal had been residing with Phillips since Carter's arrest and subsequent period of incarceration, which ended on March 4, 1997. The caseworker further stated that placing Breonna with Phillips would be in her best interest. That same day, the agency filed complaints on behalf of Glenn, Mikala, and Lamykal requesting that they be adjucated dependent children and placed in the legal custody of Phillips. The complaints identified Carter as the children's mother and Michael Cartwright as their alleged father. On March 19, 1997, following a shelter care hearing, a magistrate appointed Phillips as interim temporary custodian of Breonna, Glenn, Mikala, and Lamykal. The following day, the juvenile court appointed Breonna's guardian ad litem as the guardian ad litem for Glenn, Mikala, and Lamykal.
On April 10, 1997, the juvenile court held a hearing on the dependency complaints for Glenn, Mikala, and Lamykal and on the motion seeking legal custody of Breonna. At the hearing, the juvenile court found that Glenn, Mikala, and Lamykal were dependent as alleged in the complaints and ordered them to be placed in the temporary custody of Philips, whom the juvenile court understood to be a non-relative. Additionally, the juvenile court ordered that Breonna be placed in the temporary custody of Phillips. The temporary custody orders were journalized on May 6, 1997. On June 5, 1997, the state appealed the juvenile court's placement of the children in the temporary custody of Phillips.
The state raises one assignment of error on appeal.
 THE COURT LACKED SUBJECT MATTER JURISDICTION TO PLACE THE CHILDREN IN THE TEMPORARY CUSTODY OF A NON-RELATIVE.
The state contends that, because Phillips was not a relative of the children within the meaning of R.C. 2151.353(A)(2), the juvenile court lacked subject matter jurisdiction to commit them to her temporary custody.
The juvenile court possesses the powers and jurisdiction conferred by Chapter 2151 of the Revised Code. R.C. 2151.07. R.C. 2151.23(A)(1) provides the juvenile court with exclusive original jurisdiction concerning children alleged to be abused, neglected, or dependent. The juvenile court must exercise its jurisdiction in custody matters "in accordance with sections3109.04, 3109.21 to 3109.36, and 5103.20 to 5103.28 of the Revised Code." R.C. 2151.23(F)(1). Pursuant to the amended version of R.C. 2151.353(A), effective March 3, 1997, the juvenile court, upon finding a child to be abused, neglected, or dependent, may make the following dispositional orders:
(1) Place the child in protective supervision;
 (2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified family foster home or in any other home approved by the court;
 (3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child;
 (4) Commit the child to the permanent custody of a public children services agency or private child placing agency * * *;
 (5) Place the child in long-term family foster care with a public children services agency or private child placing agency * * *;
 (6) Order the removal from the child's home until further order of the court of the person * * * who is the parent, guardian, or custodian of a child who is adjudicated a dependent child and order any person not to have contact with the child or the child's siblings.
Because the juvenile court's subject matter jurisdiction is limited to "the jurisdiction that the General Assembly has expressly conferred upon it," In re Gibson (1991), 61 Ohio St.3d 168,172, citing Section 4(B), Article IV, Ohio Constitution, the juvenile court may not make a disposition other than the alteratives listed in R.C. 2151.353(A).
In this case, the juvenile court committed Breonna, Glenn, Mikala, and Lamykal to the temporary custody of Phillips because it found that this disposition would further their best interests. The state challenges the disposition because Phillips was not a statutorily permissible temporary custodian, particularly, that she was not a relative of any of the children. We agree that Phillips was not a representative of a qualifying agency, a relative or parent of any of the children, nor a representative of a certified family foster home. However, pursuant to the recent amendment to R.C. 2151.353(A), which applies to the dependency complaints on behalf of Glenn, Mikala, and Lamykal and the motion for legal custody on behalf of Breonna, Phillips' home was "any other home approved by the court." In writing their appellate briefs, counsel for both parties appear to have been unaware of this amendment to R.C. 2151.353(A). Thus, Phillips satisfied the statutory criteria for a temporary custodian, and the trial court acted within its jurisdiction in committing Breonna, Glenn, Mikala, and Lamykal to her temporary custody.
The assignment of error is overruled.
The judgment of the juvenile court will be affirmed.
YOUNG, P.J. and FAIN, J., concur.
Copies mailed to:
Karyn J. Lynn
Barry S. Galen
Tony Capizzi
Hon. Michael B. Murphy